O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DANIEL QUINN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY et al.,<br><br>　　　　　Defendants. | Case № 2:25-cv-02624-ODW (KSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]; AND GRANTING DEFENDANTS' MOTION TO DISMISS [10]** |

## I.　　INTRODUCTION

Plaintiff Daniel Quinn filed this action in state court against his former employers, Defendants Southern California Edison Company and Edison International (collectively, "SCE"). (Declaration Robert S. Blumberg ISO Notice Removal Ex. A ("Complaint" or "Compl."), ECF No. 1-2.) SCE removed the action. (Notice Removal ("NOR"), ECF No. 1.) Quinn now moves to remand, (Mot. Remand ("MTR"), ECF No. 13), and SEC moves to dismiss the Complaint, (Mot. Dismiss ("MTD"), ECF No. 10). For the reasons that follow, the Court **DENIES** Quinn's Motion to Remand and **GRANTS** SCE's Motion to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Quinn was employed by SCE as a Nuclear Technical Specialist at SCE's San Onofre Nuclear Generating Station ("SONGS") from 1979 until his retirement in 2009. (Compl. ¶ 25.)

SCE provided a written employment benefit discount to eligible employees and retirees. (*Id.* ¶ 26.) For SCE employees and retirees residing outside of SCE service territories, SCE provided a twenty-five percent reimbursement for their electric service (the "Electric Service Reimbursement Benefit" or "ESR Benefit"). (*Id.* ¶ 27.) Quinn received the ESR Benefit while he was employed with SCE pursuant to his employee benefits plan and following his retirement pursuant to his written retirement benefits plan. (*Id.* ¶¶ 30–31.) Quinn relied upon the ESR Benefit to mitigate his electric service costs. (*Id.* ¶ 41.) On or about October 22, 2022, SCE notified Quinn that the ESR Benefit would be discontinued effective January 1, 2023. (*Id.* ¶ 32.)

Based on these allegations, Quinn initiated this action against SCE in state court. (Compl.) Quinn asserts eight causes of action, for: (1) age discrimination under the Fair Employment and Housing Act ("FEHA"), (2) unpaid wages in violation of California Labor Code ("Labor Code") section 200, *et seq.*, (3) breach of contract, (4) breach of fiduciary duty, (5) breach of implied covenant of good faith and fair dealing, (6) civil penalties under California Private Attorneys General Act ("PAGA"), Labor Code section 2698, (7) unfair business practices in violation of California Business and Professions Code section 17200, *et seq.*, and (8) declaratory relief. (*Id.* ¶¶ 50–103.) SCE then removed the action to this Court. (NOR.)

Quinn now moves to remand, and SCE moves to dismiss the Complaint. (MTR; MTD.) The motions are fully briefed. (Opp'n MTR, ECF No. 18; Reply ISO MTR, ECF No. 20; Opp'n MTD, ECF No. 12; Reply ISO MTD, ECF No. 17.)

---

[2] All factual references derive from Quinn's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. MOTION TO REMAND

The Court must have subject-matter jurisdiction to consider SCE's Motion to Dismiss. Accordingly, the Court first addresses Quinn's Motion to Remand.

#### A. Legal Standard

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). One avenue to federal original jurisdiction is an action that arises under the Constitution, laws, or treaties of the United States. *Id.* § 1331.

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); see *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

#### B. Discussion

SCE removed this action pursuant to 28 U.S.C. § 1331 based on alleged federal enclave jurisdiction and complete preemption under the Employee Retirement Income Security Act ("ERISA") § 502(a), 29 U.S.C. § 1132(a). (NOR ¶¶ 11–19.) The Court begins, and ends, its jurisdictional analysis by addressing whether Quinn's state law claims are preempted by ERISA.

To remove a case based on ERISA preemption, a removing party "must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Marin Gen.*

*Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). "Even where a complaint alleges only state law claims, if these claims are entirely encompassed by § 502(a), the complaint is converted from a state common law complaint into a federal claim for purposes of the well-pleaded complaint rule." *McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1116 (C.D. Cal. 2015). "When a federal statute[, such as ERISA,] wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (cleaned up).

Quinn first argues that SCE cannot remove the action based on an affirmative defense such as federal preemption. (MTR 4–5.) While a preemption defense may not ordinarily give rise to removal jurisdiction, it does in this instance as "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] removable to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Accordingly, "[c]ommon law claims filed in state court that are preempted by ERISA are subject to removal to federal court under the well-pleaded complaint rule." *Crosby v. Cal. Physicians' Serv.*, 279 F. Supp. 3d 1074, 1080 (C.D. Cal. 2018) (citing *Metro. Life*, 481 U.S. at 67).

Section 502(a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court, in *Davila*, established a two-prong test "to determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B)." *Marin*, 581 F.3d at 946. Under this two-prong test, "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* "A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Id.* at 947.

In its Notice of Removal, SCE broadly contends that Quinn's state law claims are preempted by ERISA because Quinn seeks benefits "due under an ERISA plan." (NOR ¶¶ 15–19.)  Quinn argues that his state law claims are not preempted by ERISA. (MTR 11–15.)   In response, SCE now contends that it properly removed the action because Quinn's third to fifth causes of action for breach of contract, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing "stem from 'a written retirement benefits plan,' i.e., an ERISA plan such as the retirement plans SCE sponsors."  (Opp'n MTR 9, 11 ("Plaintiff's Claims for Breach of a Written Retirement Benefits Plan Relates to ERISA.").)   As SCE bears the burden of establishing that removal jurisdiction is proper and, in its opposition, specifies that only the breach claims support removal through complete preemption, the Court need not address whether Quinn's other claims are completely preempted by ERISA.  *See Corral*, 878 F.3d at 773.

1. First *Davila* Prong

Under the first *Davila* prong, a plaintiff could have brought a claim under § 502(a)(1)(B) if the following four elements are satisfied: "(1) there is a relevant ERISA plan; (2) [p]laintiff has standing to sue under that plan; (3) the [d]efendant is an ERISA entity; and (4) the complaint seeks compensatory relief akin to that available under § 502(a)."  *McGill*, 139 F. Supp. 3d at 1117 (citing *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999)).  Courts look to the plaintiff's complaint, the statute on which the plaintiff's claims are based, and the plan documents to determine whether a cause of action falls within the scope of § 502(a)(1)(B).  *Davila*, 542 U.S. at 211.  Here, neither party submits copies of Quinn's employee and retirement benefits plan.  Accordingly, the Court looks to the allegations in Quinn's Complaint.

The first element is met.  ERISA defines an "employee pension benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that by its express terms . . . provides

retirement income to employees." 29 U.S.C. § 1002(2)(A). Quinn advances his breach claims against SCE for breaching the written retirement benefits plan. (Compl. ¶¶ 71, 75, 81.) Quinn also alleges that he received the ESR Benefit "in accordance with provisions of" his employee benefits plan and the written retirements benefits plan with SCE. (Compl. ¶¶ 30–31, 39.) As Quinn asserts a breach of his retirement benefits plan with SCE, there is a valid ERISA plan.

The second and third elements are also met. ERISA defines a "participant" as "any former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Quinn is a "participant" because he became eligible to receive retirement benefits following his retirement and per the written retirement benefits package. (Compl. ¶¶ 69, 80.) And SCE, as the employer providing the retirement benefits plan, is considered a "traditional ERISA entit[y]." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 979 (9th Cir. 2007); *McGill*, 139 F. Supp. 3d at 1117 n.3 ("Among the entities governed by ERISA are 'employer[s] any of whose employees are covered' by an employee benefit plan." (citing 29 U.S.C. § 1002(14)(C)).

Finally, the last element is met. Section 502(a) provides that a plan participant can bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This is precisely the redress Quinn seeks through his breach claims. Quinn seeks damages "including but not limited to the loss of retirement benefits to which he is entitled, and loss of use of the promised retirement benefits." (Compl. ¶¶ 72, 77, 83.) Accordingly, Quinn seeks the type of relief available under § 502(a).

Based on the foregoing, the first *Davila* prong is satisfied.

2. Second *Davila* Prong

Under the second *Davila* prong, courts determine whether "there is no other independent legal duty that is implicated by defendant's actions." *Marin*, 581 F.3d

at 949.  A claim is not completely preempted under § 502(a)(1)(B) "[i]f there is some other independent legal duty beyond that imposed by an ERISA plan." *Id.*

Quinn broadly asserts that "a state contract claim . . . creates independent duties." (MTR 12.)  But Quinn provides no legal support for this assertion nor point to any allegations showing a different contract duty outside of those arising from his retirement benefits plan.  Rather, in his Complaint, he contends that he is owed his full retirement benefits "per the written retirement benefits package," that SCE owed a fiduciary duty to him as a "retiree" who met all conditions to receiving the retirement benefits, and that the written retirement benefits plan implied a covenant of good faith and fair dealing.  (Compl. ¶¶ 69–70, 74–75, 79.)  Accordingly, as pleaded, the breach claims do not provide a duty independent of the retirement plan terms.  *See, e.g.*, *Davila*, 542 U.S. at 213 (finding no independent legal duty when "interpretation of the terms of [plaintiffs'] benefit plans forms an essential part of their" claim and potential liability "derives entirely from the particular rights and obligations established by the benefit plans").  Therefore, the second *Davila* prong is also satisfied.

### 3. Conclusion

Based on the above, removal is proper as Quinn's third to fifth causes of action for breaches of the retirements benefit plan are completely preempted by ERISA.

## C. Supplemental Jurisdiction

Federal courts may exercise supplemental jurisdiction when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see* 28 U.S.C. § 1367(a).  The Ninth Circuit has held that "a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with" preempted claims.  *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014).

As discussed above, Quinn's breach claims are completely preempted by ERISA.  Quinn's remaining state law claims all arise from the same nucleus of operative fact as the preempted claims—they all seek redress for SCE's cancellation

of the ESR Benefit. Accordingly, the Court exercises supplemental jurisdiction over Quinn's remaining state law claims. *See, e.g.*, *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (finding supplemental jurisdiction appropriate when the state law claims seek recovery for "the same ERISA-related debt" as plaintiff's federal claims); *Force v. Advanced Structural Techs., Inc.*, No. 2:20-cv-02219-DMG (AGRx), 2020 WL 4539026, at *7 (C.D. Cal. Aug. 6, 2020) (exercising supplemental jurisdiction over state law claims that "all appear to arise out of the same facts that underlie" plaintiff's ERISA and FMLA claims).

As the Court exercises supplemental jurisdiction over Quinn's remaining causes of action, it need not reach federal enclave jurisdiction. Accordingly, Quinn's Motion to Remand is **DENIED.**

## IV.      MOTION TO DISMISS

SCE moves to dismiss all causes of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (MTD 5–19.)

**A.      Legal Standard**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**B.     Request for Judicial Notice**

SCE requests the Court judicially notice that SONGS is a federal enclave and has been since 1942. (Req. Judicial Notice, ECF No. 11.) This request is unopposed.

Courts may take judicial notice of facts not subject to reasonable dispute as they are "generally known" in the community or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "SONGS is located within a federal enclave, acquired by the United States in 1941 when it established Camp Pendelton." *Cooper v. S. Cal. Edison Co.*, 170 F. App'x. 496, 497 (9th Cir. 2006) (unpublished)[3]; *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1145 (S.D. Cal. 2007) (taking "judicial notice of the fact that SONGS is located within the federal enclave of Camp Pendleton, which was acquired by the

---

[3] Unpublished decisions of the Ninth Circuit, issued before January 1, 2007, may be cited for factual purposes. 9th Cir. R. 36-3(c)(ii).

9

1 United States no later than December 31, 1942"); *Abikar v. Bristol Bay Native Corp.*, 300 F. Supp. 3d 1092, 1102 (S.D. Cal. 2018) (same). As it is well-established that SONGS is located within a federal enclave, the Court **GRANTS** SCE's request.

**C.  Discussion**

SCE argues that dismissal is required because each of Quinn's claims are preempted under either ERISA or the federal enclave doctrine. (MTD 5–18.) Quinn contends that his claims are not preempted.[4] (Opp'n MTD 9–20.)

    1.    <u>Preemption: ERISA</u>

SCE argues that Quinn's claims are preempted by ERISA because he seeks "benefits in accordance with the provisions of the written retirement benefits plan." (MTD 11.) As discussed above, the Court finds that Quinn's third through fifth causes of action, as pleaded, are completely preempted by ERISA § 502(a).[5] Quinn seeks leave to amend to "refine his claims to avoid any unintended triggers of ERISA" and broadly states that his claims do not "implicate the terms of any ERISA plan or the provisions of ERISA." (Opp'n MTD 22–23.) But Quinn's bare assertion is not sufficient. Even in his opposition, Quinn does not indicate a breach of any contract provision other than those arising from his employee and retirement benefits plans with SCE. Accordingly, an amendment could not possibly cure the deficiency. *See Schreiber*, 806 F.2d at 1401. The Court therefore **DISMISSES** Quinn's third through fifth causes of action **WITH PREJUDICE**. *See, e.g., Leonard v. MetLife Ins. Co.*,

---

[4] Quinn also argues that "[a] Rule 12(b)(6) motion cannot be used to raise an affirmative defense." (Opp'n MTD 6, 13.) Contrary to Quinn's assertion, "a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in [p]laintiff's favor, nonetheless show that the affirmative defense 'is apparent on the face of the complaint.'" *Tatung Co., Ltd. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1057 (C.D. Cal. 2014); *see Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) ("Ordinarily affirmative defenses may not be raised by a motion to dismiss, . . . but this is not true when, as here, the defense raises no disputed issues of fact.").

[5] The Court need not reach SCE's ERISA preemption arguments as to Quinn's remaining causes of action as it finds those claims are preempted by and subject to dismissal under the federal enclave doctrine.

No. 2:12-cv-10003-SVW (SSx), 2013 WL 12210177, at *7 (C.D. Cal. Feb. 25, 2013) (dismissing state law claims that were completely preempted by § 502(a)).

2. Preemption: Federal Enclave Doctrine

The Court has taken judicial notice that SONGS is located within the federal enclave of Camp Pendleton and has been a federal enclave since 1942. Quinn alleges that he was employed at SONGS, a federal enclave, from 1979 until 2009. (Compl. ¶ 25.) SCE moves to dismiss Quinn's first, second, sixth, and seventh causes of action on the grounds that they arose from Quinn's employment at SONGS and are barred by federal law. (MTD 8–11.) In response, Quinn argues the injury—revocation of the ESR Benefit—did not occur in a federal enclave. (Opp'n MTD 9–12.)

Federal law preempts state law within federal enclaves. *Snow v. Bechtel Const. Inc.*, 647 F. Supp. 1514, 1521 (C.D. Cal. Nov. 19, 1986) ("Only federal law applies on a federal enclave under exclusive federal jurisdiction (except to the extent Congress has otherwise provided)."). To determine whether federal enclave jurisdiction exists, the court looks to whether "the locus in which the claim arose" is a federal enclave. *In re High-Tech Emp. Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012) (citing *Alvarez v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975). There must be a "direct connection between the injury and the conduct" that is not "too attenuated and remote." *City & County of Honolulu v. Sunoco, LP*, 39 F.4th 1101, 1111 (9th Cir. 2022).

Quinn alleges he is eligible for the ESR Benefit because of his employment with SCE at SONGS from 1979 to 2009 and pursuant to SCE's benefits plans for its employees and retirees. (*See* Compl. ¶¶ 26–27, 31.) Quinn asserts employment-based claims for unpaid wages and age discrimination under FEHA (first cause of action), California Labor Code (second cause of action), and PAGA (sixth cause of action). (*Id.* ¶¶ 51, 60, 86.) Quinn also asserts an unfair business practices claim under California Business and Professions Code section 17200 (seventh cause of action) for failure to pay his wages. (*Id.* ¶ 90.) For these employment-based claims, his "place of

1  employment [i]s the significant factor in determining where [his] employment claims
2  arose under the federal enclave doctrine." *Abikar*, 300 F. Supp. 3d at 1102 (citing
3  *Lockhart v. MVM, Inc.*, 175 Cal. App. 4th 1452, 1459–60 (2009)); *Kimber on behalf of*
4  *Cal. v. Sports Basement, Inc.*, 718 F. Supp. 3d 1203, 1207 (C.D. Cal. 2024) (finding
5  federal enclave jurisdiction over plaintiff's employment claims by looking to "where
6  each aggrieved employee worked the most"). Accordingly, the pertinent events
7  giving rise to Quinn's employment-based claims stem from conduct that occurred
8  where he worked—at SONGS.

9        Quinn argues that the injury he alleges did not occur at SONGS. Instead, he
10 contends that his alleged injury occurred after he retired and no longer worked at
11 SONGS, when Quinn lived in San Diego, California and SCE was headquartered in
12 Rosemead, California. (Opp'n MTD 11–12.) These arguments are unavailing.
13 Although Quinn alleges that the injury occurred in early 2023—when SCE cancelled
14 the ESR Benefit after he retired and no longer worked at SONGS—his employment
15 with SCE availed him to the ESR Benefit. Quinn refers to the ESR Benefit as
16 "wages" for "labor performed" under Labor Code section 200(a) and alleges he lost
17 these "unpaid wages" throughout the Complaint. (Compl. ¶¶ 61, 66, 86, 90.)
18 Assuming *arguendo* that the ESR Benefits are "wages" as Quinn contends, all
19 relevant labor for which such wages are owed occurred at SONGS. Therefore, the
20 pertinent and material events giving rise to his employment-based claims arose from
21 his work performed at SONGS because SCE provided the ESR Benefit, or "wages,"
22 only to its employees and retirees. (*Id.* ¶¶ 26–27.) The locus of the injury thus
23 occurred at SONGS notwithstanding Quinn's argument that he was living in San
24 Diego, California when he learned SCE was terminating the ESR Benefit. *See, e.g.*,
25 *Stiefel*, 497 F. Supp. 2d at 1147–48 (finding the locus of terminated employee's FEHA
26 and Labor Code claims to be a federal enclave notwithstanding terminated employee's
27 claim that he was at home when he learned that defendant refused to re-employ him).
28 That SCE made employment decisions—i.e., terminated the ESR Benefit—at its

headquarters also does not change the conclusion. *See Abikar*, 300 F. Supp. 3d at 1102 ("Whether an employer made certain employment decisions outside of the federal enclave is not pertinent to the applicability of the federal enclave doctrine."); *see also Geib v. Jacobs Tech. Inc.*, No. 23-cv-00169-AMO, 2024 WL 4351867, at *4 (N.D. Cal. Sept. 30, 2024) ("The location where decisions concerning [the plaintiff's] employment were made does not alter the conclusion" that the plaintiff's claims arose on a federal enclave because "the decision reflects [d]efendant's employment practice on the enclave.").

Based on the above, the Court finds the locus of Quinn's first, second, sixth, and seventh causes of action is SONGS. "Since these claims are subject to the federal enclave doctrine, any of the claims based on state law enacted after" SONGS became a federal enclave "are inapplicable in the federal enclave unless they come within a reservation of jurisdiction by California or are adopted by Congress." *Stiefel*, 497 F. Supp. 2d at 1148. In contrast, "preexisting state law not inconsistent with federal policy becomes federal law and remains in existence until altered by national legislation." *Snow*, 647 F. Supp. at 1521.

SCE moves to dismiss Quinn's first, second, sixth, and seventh causes of action on the grounds that each cause of action is barred by federal law either because it is inconsistent with state law, or because the state law was enacted after SONGS became a federal enclave. (MTD 8–11.) In response, Quinn substantively opposes these arguments only as to his second and sixth causes of action. (Opp'n MTD 12–13.)

        a.    *First Cause of Action*

In his first cause of action, Quinn asserts a claim for age discrimination in violation of FEHA. (Compl. ¶¶ 50–58.) SCE argues that this cause of action is barred because FEHA was enacted in 1980, after SONGS became a federal enclave. (MTD 8–9.)

"FEHA was not enacted until 1980." *Stiefel*, 497 F. Supp. 2d at 1149. Quinn does not oppose or even respond to this argument. (*See generally* Opp'n MTD.)

"Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments or otherwise consented to granting the motion." *Star Fabrics, Inc. v. Ross Stores, Inc.*, No. 2:17-cv-05877-PA (PLAx), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017). Accordingly, as Quinn's age discrimination claim is based on FEHA and he fails to oppose this argument, it is barred by the federal enclave doctrine and fails as a matter of law. Accordingly, the Court **DISMISSES** Quinn's first cause of action **WITH PREJUDICE**.

### b. Second Cause of Action

In his second cause of action, Quinn seeks unpaid wages under Labor Code section 200. (Compl. ¶¶ 59–67.) SCE argues that Labor Code section 200 is inconsistent with the Federal Labor Standards Act ("FLSA") and thus barred. (MTD 9.) Quinn argues only that, since Labor Code section 200 was in effect before SONGS became a federal enclave, it continues to operate as federal law; he does not respond to SCE's inconsistency argument. (Opp'n MTD 12–13.)

Congress permits state laws existing at time the federal enclave ceded to the federal government to continue "except insofar as they are inconsistent with the laws of the United States or with the governmental use for which the property was acquired, unless they are abrogated by Congress, so that no area may be left without a developed legal system for private rights." *Stiefel*, 497 F. Supp. 2d at 1147; *see County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 749 n.4 (9th Cir. 2022) ("[S]tate law that previously governed the territory 'remain[s] operative as federal law' so long as it is consistent with federal law." (quoting *Mater v. Holley*, 200 F.2d 123, 124 (5th Cir. 1952)). Quinn fails to address whether Labor Code section 200 is inconsistent with federal law. (*See id.*) As Quinn does not substantively oppose this argument, he effectively concedes it. *See Star Fabrics*, 2017 WL 10439691, at *3. Accordingly, the Court **DISMISSES** Quinn's second cause of action **WITH PREJUDICE**.

   *c.*  *Sixth Cause of Action*

In his sixth cause of action, Quinn seeks civil penalties under PAGA. (Compl. ¶¶ 84–87.) SCE argues that this cause of action is barred because PAGA was enacted in 2004, after SONGS became a federal enclave. (MTD 9–10.)

PAGA was enacted in 2003 and became effective on January 1, 2004. Cal. Lab. Code § 2698. Quinn does not dispute this. (*See generally* Opp'n MTD.) Rather, he argues that PAGA is a "procedural device" for him to recover for violations of Labor Code section 200 and is "not the substantive violation that [he] seeks to redress." (*Id.* at 14.) To the extent Quinn argues this is not a stand-alone cause of action, but one derivative of his Labor Law cause of action, that cause of action is preempted as described above. Quinn does not cite to any legal authority permitting a PAGA claim to survive as a "procedural device" when challenged under the federal enclave doctrine. In contrast, SEC provides several cases wherein courts dismissed PAGA claims as a matter of law under the federal enclave doctrine. (MTD 9–10); *see, e.g.*, *Cabrales v. BAE Sys. S.D. Ship Repair, Inc.*, No. 21-cv-02122-AJB-DDL, 2023 WL 8458247, at *7 (S.D. Cal. Dec. 6, 2023) (granting summary judgment and finding plaintiff's PAGA claim inapplicable on the federal enclave because PAGA was enacted after the federal government acquired the federal enclave); *Geib*, 2024 WL 4351867, at *7 (same). Quinn's PAGA claim is thus barred by the federal enclave doctrine. Accordingly, the Court **DISMISSES** Quinn's sixth cause of action **WITH PREJUDICE**.

   *d.*  *Seventh Cause of Action*

In his seventh cause of action, Quinn asserts a claim for unfair business practices in violation of California Business and Professions Code section 17200, *et seq*. (Compl. ¶¶ 88–99.) SCE argues that this cause of action is barred because California Business and Professions Code section 17200 was enacted in 1977, after SONGS became a federal enclave. (MTD 10); *see Welch v. S. Cal. Edison*, No. 8:08-cv-00770-CJC (RNBx), 2008 WL 11411478, at *3 (C.D. Cal. Oct. 29, 2008)

(dismissing plaintiff's state law claim under California Business and Professions Code section 17200 as barred by the federal enclave doctrine).  Quinn does not oppose this argument.  (*See generally* Compl.)  Accordingly, the Court **DISMISSES** Quinn's seventh cause of action **WITH PREJUDICE**.

        3.     <u>Eighth Cause of Action</u>

Based on the above, Quinn's first through seventh causes of action are preempted by federal law and **DISMISSED WITH PREJUDICE** as to both Defendants.  As Quinn's remaining eighth cause of action for declaratory relief is derivative of the dismissed claims, the Court also **DISMISSES WITH PREJUDICE** the eighth cause of action.

**D.**    **Conclusion**

Based on the foregoing, the Court **GRANTS** SCE's MTD.

**V.    CONCLUSION**

For the reasons discussed above, the Court **DENIES** Quinn's Motion to Remand, (ECF No. 13), and **GRANTS** SCE's Motion to Dismiss, (ECF No. 10).  The Complaint is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 22, 2025

                                                    **OTIS D. WRIGHT, II**
                                      **UNITED STATES DISTRICT JUDGE**